UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**AMY JO FRIZZO,**

       **Plaintiff,**

v.                                               Case No:  6:17-cv-621-Orl-37GJK

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    OPPOSED MOTION FOR ENTRY OF JUDGMENT UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) WITH REMAND TO DEFENDANT (Doc. No. 19)
>
> **FILED:**      September 18, 2017
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Before the Court is a September 18, 2017 motion filed by the Commissioner of Social Security (the "Commissioner") requesting that the Court reverse her final decision and remand the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (the "Motion"). Doc. No. 19. On October 1, 2017, Amy Frizzo (the "Claimant") filed a response to the Motion requesting that the Court reverse the Commissioner's final decision for an award of benefits, or, should the case be remanded for further proceedings, that the Court impose a time limit of one hundred twenty days to complete the administrative proceedings. Doc. No. 20 at 7-8. Claimant

argues that she has suffered an injustice because: 1) her application has been pending since 2009 and is on appeal to this Court for the third time; and 2) the Administrative Law Judge ("ALJ") failed to follow the Appeals Council's remand order, which directed the ALJ to provide further consideration to the medical opinions of Dr. James Levasseur, PhD. *Id.* at 4-7. On October 13, 2017, the Commissioner filed a reply in support of the Motion. Doc. No. 23. For the reasons stated below, it is **RECOMMENDED** that the Commissioner's final decision be **REVERSED** and the case be **REMANDED** for further proceedings.

**I.      STANDARD OF REVIEW**

The Social Security regulations delineate a five-step sequential evaluation process for determining whether a claimant is disabled. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (citing 20 C.F.R. § 404.1520). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must take into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations and quotations omitted).

## II. PROCEDURAL BACKGROUND

### A. The First Appeal

This is the third time Claimant has appealed the Commissioner's final decision on her claim. On July 15, 2009, Claimant filed her application for disability insurance benefits ("DIB") alleging a disability onset date of June 30, 2009. R. 122. After Claimant's DIB application was denied initially and upon reconsideration, Claimant attended a hearing before ALJ Gerald F. Murray. R. 26-45. On December 13, 2010, ALJ Murray issued an unfavorable decision, finding that Claimant's substance dependency is a contributing factor material to the determination of disability, and thus, finding Claimant not disabled.[1] R. 9-20. After the Appeals Council denied Claimant's request for review of ALJ Murray's decision, Claimant filed her appeal of the Commissioner's final decision to this Court. *Frizzo v. Comm'r of Soc. Sec,* 6:11-cv-1318-GAP-TEM, Doc. No. 1. On August 27, 2012, Claimant's case was remanded for further proceedings for reasons not pertinent to the current appeal. R. 830-856.

### B. The Second Appeal

On January 10, 2011, Claimant filed a subsequent DIB application alleging a disability onset date of June 1, 2009.[2] R. 731, 1002-1003. After Claimant's second DIB application was denied initially and upon reconsideration, Claimant attended a hearing before ALJ Kelley

---

[1] Underlying Claimant's DIB application is her dependence on alcohol and marijuana. R. 12. Congress amended the Social Security Act to provide that an "individual shall not be considered to be disabled for purposes of [DIB] if [alcohol or drug dependency] would … be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). The regulations implementing the statute provide that "once the Commissioner determines a claimant to be disabled and finds medical evidence of [alcohol or drug dependency], the Commissioner then must determine whether ... [it] is a contributing factor material to the determination of disability." *Doughty v. Apfel*, 245 F.3d 1274, 1279 (11th Cir. 2001) (citing 20 C.F.R. § 404.1535). Thus, the "key factor in determining whether [alcohol or drug dependency] is a contributing factor material to the determination of a disability (the "materiality determination") is whether the claimant would still be found disabled if [he or she] stopped using drugs or alcohol." *Id.*

[2] Claimant also filed an application for Supplemental Security Income, but it was denied due to her spouse's income. R. 994-1001, 1004—1009.

Fitzgerald.[3] R. 784-805. On December 9, 2013, ALJ Fitzgerald issued an unfavorable decision. R. 731-754. Similar to ALJ Murray's decision, ALJ Fitzgerald found that Claimant's substance dependency is a contributing factor material to the determination of disability, and thus, found Claimant not disabled. R. 754. After the Appeals Council denied Claimant's request for review of ALJ Fitzgerald's decision, Claimant filed her second appeal of the Commissioner's final decision to this Court. *Frizzo v. Comm'r of Soc. Sec.*, 6:14-cv-219-RBD-GJK, Doc. No. 1.

Central to Claimant's second appeal was ALJ Fitzgerald's treatment of Dr. Levasseur's medical opinions. R. 1797-1801. On June 17, 2010, Dr. Levasseur, a non-examining state agency physician, completed a Psychiatric Review Technique ("PRT"). R. 649-661. The PRT states:

> With ongoing [dependency on] powerful substances, [Claimant] would not be expected to maintain a schedule, remain socially appropriate, [or] produce the concentrated effort to complete tasks. [B]ut assuming no [drug or alcohol dependency] for 30+ days, some moderate limitations in social [functioning] and [concentration, persistence, and pace] may persist, related to depression and anxiety, [a mental residual functional capacity assessment] is provided.

R. 661. Thus, in the PRT, Dr. Levasseur opined that, with an ongoing dependency on substances, Claimant would not be expected to maintain a schedule, remain socially appropriate, or produce concentrated effort to complete tasks. *Id.* Dr. Levasseur also opined that if Claimant were not dependent on substances for thirty days or more, Claimant's moderate limitations in social functioning and concentration, persistence, and pace may persist because of her depression and anxiety. *Id.* Dr. Levasseur then refers to a separate document detailing his findings regarding Claimant's residual functional capacity ("RFC"). *Id.*

---

[3] After the Commissioner's final decision on Claimant's first DIB application was reversed and remanded for further proceedings, the Commissioner consolidated Claimant's first and second DIB applications for ALJ's Fitzgerald's consideration. R. 860-61.

4

The document Dr. Levasseur refers to is a Mental RFC Assessment (the "Assessment"). R. 663-666. The Assessment was completed the same day Dr. Levasseur completed the PRT. R. 649, 665. The Assessment contains a third section entitled "functional capacity assessment" where Dr. Levasseur offered his opinion regarding Claimant's RFC. R. 661, 665. In relevant part, Dr. Levasseur found that Claimant has some reduction in social interaction and stress tolerance that would limit her to work environments of low social demand. R. 665.

ALJ Fitzgerald considered and gave great weight to the PRT, but such consideration only appeared in the portion of the decision addressing Claimant's RFC in combination with her substance dependency. R. 739. ALJ Fitzgerald did not consider or weigh the PRT when considering Claimant's RFC if she were not dependent on substances (the "Post-Dependency RFC"). R. 745-753. ALJ Fitzgerald did not discuss or weigh the Assessment in any portion of the opinion. Finally, ALJ Fitzgerald did not include any social limitations in the Post-Dependency RFC or explain why these limitations from the PRT and the Assessment were excluded from the Post-Dependency RFC. *Id.*

On June 1, 2015, the undersigned issued a report recommending that the Commissioner's final decision be reversed and the case be remanded for further proceedings because ALJ Fitzgerald committed reversible error in the treatment of the PRT and the Assessment. R. 1797-1801. First, the undersigned found that, despite giving great weight the PRT, ALJ Fitzgerald failed to provide any explanation as to why the Post-Dependency RFC did not account for the PRT's finding that if Claimant were not dependent on substances for thirty days or more, Claimant's moderate limitations in social functioning may persist because of her depression and anxiety. R. 661, 1799-1800. The undersigned also found that ALJ Fitzgerald committed reversible error by failing to discuss or weigh the Assessment, which states that if Claimant were not dependent on

5

substances, she would have some reduction in social interaction and stress tolerance that would limit her to work environments of low social demand.[4] R. 665, 1799-1800. On July 21, 2015, United States District Judge Roy B. Dalton, Jr. issued an order adopting the undersigned's report and recommendation, and judgment was entered reversing and remanding the case on July 22, 2015. R. 1790-93. On December 31, 2015, the Appeals Council issued an order (the "Remand Order") remanding the case for further proceedings consistent with Judge Dalton's order. R. 1804-1811.

### C. The Third Appeal

On December 26, 2013, Claimant filed a third DIB application alleging a disability onset date of April 3, 2013. R. 1654, 1917-1918. After Claimant's third DIB application was denied initially and upon reconsideration, Claimant attended a hearing before ALJ Fitzgerald.[5] R. 1697-1719. On January 12, 2017, ALJ Fitzgerald issued another unfavorable decision. R. 1653-1681.

ALJ Fitzgerald made two critical findings. First, ALJ Fitzgerald found that from June 30, 2009 through December 31, 2011, Claimant's substance dependency was a contributing factor material to the determination of disability, and thus, found Claimant not disabled during that period. R. 1680-81. Second, ALJ Fitzgerald found that as of January 1, 2012, Claimant's substance dependency was no longer a contributing factor material to the determination of disability, but, nevertheless, found that substantial evidence demonstrated that Claimant was not disabled as of that date. R. 1681. Thus, ALJ Fitzgerald found Claimant not disabled as of January 1, 2012. R. 1680-81.

---

[4] The undersigned also found that ALJ Fitzgerald committed reversible error by not considering whether Claimant met Listing 12.05(c). R. 1803-04.

[5] The Remand Order consolidated all three of Claimant's DIB applications for ALJ Fitzgerald's consideration. R. 1809-1810.

ALJ Fitzgerald's treatment of the PRT and the Assessment was the same as the previous opinion. ALJ Fitzgerald considered and gave great weight to the PRT, but such consideration only appears in the portion of the decision addressing Claimant's RFC in combination with her substance dependency. R. 1663. ALJ Fitzgerald did not discuss or weigh the PRT when considering Claimant's Post-Dependency RFC. R. 1675-79. ALJ Fitzgerald did not discuss or weigh the Assessment in any portion of the opinion. Finally, ALJ Fitzgerald did not include any social limitations in the Post-Dependency RFC or explain why the limitations from the PRT and the Assessment were excluded from the Post-Dependency RFC.[6] *Id.*

## III. ANALYSIS

The parties agree that ALJ Fitzgerald did not comply with the Remand Order, which required the ALJ to give further consideration to the PRT and the Assessment. Doc. No. 20 at 4-5; Doc. No. 23 at 3-4. Claimant requests that the Court reverse the Commissioner's final decision for an award of benefits, or, should the case be remanded for further proceedings, that the Court impose a time limit of one hundred twenty days to complete Claimant's administrative proceedings. Doc. No. 20 at 8. Claimant argues that she has suffered an injustice because: 1) her application has been pending since 2009 and is on appeal for the third time; and 2) ALJ Fitzgerald failed to follow the Remand Order. *Id.* at 4-7. The Commissioner acknowledges that ALJ Fitzgerald did not give further consideration to the PRT and the Assessment, but argues that a remand for further proceedings is appropriate. Doc. No. 23 at 3-5. Thus, the only issue before the Court is whether the case should be reversed and remanded for further proceedings or whether the case should be remanded for an award of benefits.

---

[6] Pursuant to the Remand Order, ALJ Fitzgerald made two determinations as to whether Claimant met Listing 12.05(c). The first determination addresses whether Claimant met the aforementioned listing while being dependent on substances. R. 1659-1660. The second determination addresses whether Claimant met the aforementioned listing while not being dependent on substances. R. 1674-75.

The Court may remand a social security disability case for an award of benefits where: 1) the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt; or 2) the Claimant has suffered an injustice. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (citations omitted) (reversing for an award of benefits because the evidence established disability beyond doubt); *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982) (reversing for an award of benefits after finding that the claimant suffered an injustice). Considering the record and the procedural history, the undersigned cannot find that Claimant has suffered an injustice. As noted above, ALJ Fitzgerald committed the same error twice by failing to give further consideration to the PRT and the Assessment when determining the Post-Dependency RFC. *See supra* pp 5-7. However, considering the PRT and the Assessment, the undersigned is unsure whether the social limitations stated therein would have any impact on the vocational expert's testimony.[7] Furthermore, this Court has declined to award benefits solely on the fact that an ALJ committed the same error twice. *See Holmes v. Comm'r of Soc. Sec.*, No. 5:16-cv-499-Oc-PRL, 2017 WL 461604, at * 3 (M.D. Fla. Feb. 13, 2017); *Correa v. Comm'r of Soc. Sec.*, No. 6:16-cv-90-Orl-31DCI, 2016 WL 7838904, at * 7 (M.D. Fla. Dec. 28, 2016) (declining to award benefits solely on the fact "that the ALJ has committed the same error twice").

The Court is deeply troubled by the protracted history of Claimant's DIB applications. Nevertheless, after careful consideration, the undersigned finds that the case should be reversed and remanded for further proceedings. On remand, if the ALJ gives great weight to the PRT, the ALJ's Post-Dependency RFC finding must account for the PRT's statement that if Claimant ceased

---

[7] During Claimant's second hearing before ALJ Fitzgerald, the vocational expert considered the Post-Dependency RFC and found that Claimant is able to perform certain jobs in the national economy, namely small parts assembler, inspector and hands packager, and housekeeper. R. 1704, 1717. A hypothetical given to a vocational expert must match a claimant's RFC. *See Millhouse v. Astrue*, No: 8:08-cv-378-T-TGW, 2009 WL 763740, at *4 (M.D. Fla. Mar. 23, 2009) (finding reversible error when a claimant's RFC did not match the hypothetical posed to the vocational expert).

being dependent on substances for thirty days or more, moderate limitations in social functioning may persist due to Claimant's depression and anxiety. R. 661. Furthermore, the Assessment states that Claimant, without substance dependency, has some reduction in social interaction and stress tolerance that would limit her to work environments of low social demand. R. 665. The aforementioned finding contains information that is critical in determining whether the ALJ should include any social limitations in the Post-Dependency RFC. *Id.* Thus, on remand the ALJ must also state the weight given to the Assessment and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011) (requiring the ALJ to state the weight provided to any medical opinion and the reasons therefor).[8]

## IV. CONCLUSION

Considering the foregoing, it is **RECOMMENDED** that the Court:

1) **GRANT** the Motion (Doc. No. 19); and

2) **ENTER** judgment **REVERSING** the Commissioner's final decision and **REMANDING** the case for further proceedings; and

3) **DIRECT** the Clerk to close the case.

---

[8] Claimant also requests that the Court impose a time limit of one hundred twenty days to complete Claimant's administrative proceedings. Doc. No. 20 at 8. The undersigned declines to impose a time limit on the Commissioner to complete the administrative proceedings on remand. *See Nowells v. Heckler*, 749 F.2d 1570, 1571 (11th Cir. 1985) ("Because of the persuasive reasons against judicially imposed mandatory hearing deadlines set forth by the Supreme Court and discussed by Congress, we decline to grant the claimant's request for a hearing within [ninety] days").

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 6, 2017.

*[signature]*
_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy